UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN J. ROSS & RUTH ROSS,   :<br>　　　　Plaintiffs,　　　　　:<br>　　　　　　　　　　　　　　:<br>v.　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　:<br>DEUTSCHE BANK NATIONAL　　:<br>COMPANY d/b/a DEUTSCHE　　:<br>BANK and DEUTSCHE BANK　　:<br>NATIONAL COMPANY　　　　　:<br>AS INDENTURE TRUSTEE, FOR :<br>NEW CENTURY HOME EQUITY　:<br>LOAN TRUST 2005-4,　　　　　:<br>　　　　Defendants　　　　　　: | C.A. No.: 12-10586-WGY<br><br>LEAVE TO FILE GRANTED<br>ON JULY 25, 2012 |

**DEFENDANTS' REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS'
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINITFFS' VERIFIED COMPLAINT**

NOW COME Defendants, Deutsche Bank National Trust Company and Deutsche Bank National Trust Company as Indenture Trustee, for New Century Home Equity Loan Trust 2005-4, improperly named as Deutsche Bank National Company and Deutsche Bank National Company as Indenture Trustee, for New Century Home Equity Loan Trust 2005-4 (collectively, the "Defendants") and respectfully submit this Reply to Plaintiffs, Alan Ross and Ruth Ross's, Reply ("Plaintiffs' Reply") to Defendants' Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss Verified Complaint ("Motion to Dismiss").

**FACTS AND TRAVEL**

For a complete statement of the facts of this case, Defendants respectfully direct this Court to Defendants' Motion to Dismiss and Defendants' Supplemental Memorandum in Support of Defendants' Motion to Dismiss ("Defendants' Supplemental Memorandum"). Capitalized terms used herein but not defined herein shall have the meanings assigned to them in

Defendants' Memorandum in Support of Defendants' Motion to Dismiss and in Defendants' Supplemental Memorandum.

At the hearing on Defendants' Motion to Dismiss, this Court requested supplemental memoranda regarding the effect of New Century Mortgage Corporation's ("New Century") Bankruptcy filing on the travel of the Note and Mortgage evidencing the $500,000.00 loan (the "Loan") made by New Century to Plaintiffs on or about June 24, 2005. Plaintiffs requested and received leave to file a Reply to Defendants' Supplemental Memorandum ("Plaintiffs' Reply"). Upon receipt and review of Plaintiffs' Reply, Defendants' requested and received leave to respond to Plaintiffs' Reply.

## ARGUMENT

**I.  At the time New Century filed for Bankruptcy Protection, the Note and Mortgage had been sold to Defendants, with New Century retaining only servicing rights to the Loan and remaining as mortgagee of record for convenience purposes.**

Plaintiffs claim that the documents evidencing the securitization transaction involving the Loan are not sufficient to establish the sale of the Note and Mortgage to the Defendants in 2005. Attached hereto as Exhibit A is the affidavit of Chuck Houston, Vice President and Assistant General Counsel for Carrington (the "Houston Affidavit"). The Houston Affidavit explains the travel of mortgage loans originated by New Century and sold to Defendants. As explained in the Affidavit, New Century transferred originated loans to New Century Credit Corporation ("NCCC"), who then sold the loans to New Century Mortgage Securities, LLC ("NCMS"). Houston Affidavit, ¶¶ 3-4. NCMS then set up the securitization trust and Deutsche Bank became the indenture trustee. Pursuant to the loan sale agreement, the endorsed Note and assignment of the Mortgage in blank were delivered to Deutsche Bank as part of the transaction. Houston Affidavit, ¶6. The transfer from New Century to NCCC was sometimes accomplished by written

2

agreement and sometimes accomplished through journal entries. Houston Affidavit, ¶ 4. In this case, as provided in the Houston Affidavit, Defendants searched for any private agreements related to the transfer of the Loan from New Century to NCCC. None were found, leading to the Defendants' belief that the transfer was evidenced only by journal entry. *Id.* Regardless of the manner in which the transfer was accomplished, it is clear that New Century intended to, and did, sell its ownership interest in the Loan to Defendants through the loan sale/securitization transaction on August 17, 2005.

The inclusion of the Loan in the August 17, 2005 loan sale transaction is confirmed through the supplemental Affidavit of Betsey Ostermann (the "Ostermann Affidavit"), a copy of which is attached hereto as <u>Exhibit B</u>. In paragraph 11 of the Ostermann Affidavit, Ms. Ostermann submits a copy of the portion of the exhibit to the Mortgage Loan Purchase Agreement that reflects inclusion of the Loan in the sale. This documentation taken together with the 2005 Assignment certainly meets the requirements of *Ibanez* in establishing an outright sale of the ownership of the Loan as of the date of the August 17, 2005 securitization transaction. See *United States Bank National Association v. Ibanez*, 458 Mass. 637, 651, 941 N.E.2d 40, 53 (2011).[1]

      **II.    Defendants' counsel provided client documentation to Plaintiffs' counsel promptly upon Defendants' counsel's receipt of same and the timing of the delivery of copies of the endorsed Note and assignment of Mortgage did not result in prejudice to the Plaintiffs.**

In their Motion for Leave to file a Reply to Defendants' Supplemental Memorandum, Plaintiffs imply that Defendants' counsel ignored this Court's order to produce documents relevant to the sale of the Loan and the travel of the Note and Mortgage. This is simply not the

---

[1] In *Ibanez*, the Massachusetts Supreme Judicial Court stated that a foreclosing lender could provide a chain of assignments evidencing the travel of the Note and Mortgage to the foreclosing entity. *Id.* In the present case, the chain flows from New Century to NCCC to NCMS to Defendants.

case. Defendants' counsel informed Plaintiffs' counsel about the availability of the SEC documentation reflecting the sale of the Loan well before the date on which the supplemental memoranda were due. While having made requests of the Defendants for the endorsed Note and the assignment of the Mortgage from the original loan sale transaction, Defendants' counsel did not receive these documents until the week of July 4th. Once Defendants' counsel received the copy of the endorsed Note and the 2005 assignment of Mortgage, Defendants' counsel sent them to Plaintiffs' counsel promptly. While it is unfortunate that the holiday and the time difference between the location of the Defendants and the location of Defendants' counsel's office resulted in documents being forwarded to Plaintiffs' counsel after 5:00 p.m. on a weekday, the Defendants certainly did not intend to withhold documentation from the Plaintiffs or prejudice the Plaintiffs. In fact, Defendants' counsel did not receive possession of the original, endorsed Note until after the date on which the supplemental memoranda were due. Once it was received, however, Plaintiffs' counsel was provided with the opportunity to inspect the original endorsed Note at the Defendants' counsel's office. Plaintiffs' counsel has yet to respond to that offer.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## CONCLUSION

For all of the reasons set forth above, in Defendants' Motion to Dismiss and Memorandum in Support thereof and in Defendants' Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Verified Complaint, Defendants respectfully request that this Honorable Court grant Defendants' Motion to Dismiss with prejudice.

        Respectfully submitted,

        Deutsche Bank National Trust Company and
        Deutsche Bank National Company as
        Indenture Trustee, for New Century Home
        Equity Loan Trust 2005-4

        By its attorneys,

        */s/ M'Liss K. Rinaldi*
        Dean J. Wagner, Esq. (#633181)
        M'Liss K. Rinaldi, Esq. (#628547)
        SHECHTMAN HALPERIN SAVAGE, LLP
        1080 Main Street
        Pawtucket, RI 02860-4847
        Tel: (401) 272-1400
        Fax: (401) 272-1403
        dwagner@shslawfirm.com

Dated: August 31, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2012, that I have caused the within Reply to Plaintiffs' Reply to Defendants' Supplemental Memorandum in Support of Motion to Dismiss Plaintiffs' Verified Complaint to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ M'Liss K. Rinaldi*