UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALAN J. ROSS and RUTH ROSS,<br><br>                    Plaintiffs,<br><br>              v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY and DEUTSCHE BANK<br>NATIONAL BANK COMPANY, as<br>Indenture Trustee for New<br>Century Home Equity Loan Trust<br>2005-4,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 12-10586-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                          March 27, 2013

**I.   INTRODUCTION**

Plaintiffs Alan J. Ross and Ruth Ross (collectively, "the Rosses") brought this action against the defendants, Deutsche Bank National Trust Company and Deutsche Bank National Bank Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-4, (collectively, "Deutsche Bank") seeking injunctive and declaratory relief in order to prevent the foreclosure sale of their residence (the "subject property") in Newton, Massachusetts.  Deutsche Bank, after removing the action from state court, moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) ("Rule

12(b)(6)") for failure to state a claim upon which relief may be granted.

### A.   Procedural Posture

The Rosses originally filed suit in the Massachusetts Superior Court sitting in and for the County of Middlesex to enjoin Deutsche Bank from conducting a foreclosure sale of the subject property.  Notice Removal, Ex. 9, Verified Compl. ("Compl."), ECF No. 1-9.  The Superior Court granted a preliminary injunction.  Am. Notice Removal, Ex. 2, Prelim. Inj. ("Prelim. Inj.") 1, ECF No. 2-2.  On April 4, 2012, Deutsche Bank removed the case to the United States District Court for the District of Massachusetts.  Am. Notice Removal, ECF No. 2.  On April 9, 2012, Deutsche Bank moved to dismiss the Rosses' complaint.  Mot. Dismiss Pls.' Compl., ECF No. 3; Mem. Law Supp. Mot. Dismiss Pls.' Compl. ("Defs.' Mem."), ECF No. 4.  The Rosses opposed this motion on April 20, 2012.  Pls.' Mem. Opp'n Mot. Dismiss Pls.' Compl., ECF No. 5.

On June 6, 2012, the Court heard oral argument on the motion to dismiss and ordered both parties to submit supplemental briefs addressing the bankruptcy of the original lender.  Elec. Clerk's Notes, June 6, 2012.  In accordance with the Court's order, the Rosses and Deutsche Bank filed supplemental memoranda on July 6, 2012.  Pls.' Supplemental Mem. Opp'n Defs.' Mot. Dismiss Pls.' Compl. Addressing New Century Mortg. Corp. Ch. 11 Bankr., ECF No.

9; Defs.' Supplemental Mem. Law Supp. Mot. Dismiss Pls.' Compl. ("Defs.' Supplemental Mem."), ECF No. 10.

    **B.**    **Facts Alleged**

        **1.**    **Origination of Note and Mortgage**

On September 10, 1986, the Rosses became the owners of the subject property, which is located at 974 Dedham Street in Newton, Massachusetts.  Compl. ¶ 3.  On June 24, 2005, the Rosses executed an adjustable rate note (the "Note") against the property payable to the order of New Century Mortgage Corporation ("New Century Mortgage").  Id. ¶ 4.  The Rosses also executed a mortgage (the "Mortgage") securing the Note in favor of New Century Mortgage.  Id.

        **2.**    **New Century Mortgage Bankruptcy**

On April 2, 2007, New Century Financial Corporation ("New Century Financial"), New Century Mortgage's parent company, filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").  Id. ¶ 5.  Shortly after the bankruptcy filing, New Century Mortgage granted Carrington Mortgage Services ("Carrington") a limited power of attorney to execute, record, and assign mortgages and other documents.  Notice Removal, Ex. 8, Limited Power Att'y 53, ECF No. 1-12.

On April 6, 2008, New Century Financial and its subsidiaries, including New Century Mortgage, filed notice of an

agreement establishing the New Century Liquidating Trust (the "Liquidating Trust") with the Bankruptcy Court.  Compl. ¶ 6; Notice Removal, Ex. 4, Notice Filing Liquidating Trust Agreement 25-50, ECF No. 1-10.  On July 15, 2008, the Bankruptcy Court confirmed the liquidation plan of New Century Financial and its subsidiaries, including New Century Mortgage.  Notice Removal, Ex. 6, Order Confirming Second Am. Joint Ch. 11 Plan Liquidation Debtor & Official Comm. Unsecured Creditors Dated Apr. 23, 2008 ("Confirmation Order") 51, ECF No. 1-12.  Pursuant to the plan, all assets of the debtors vested in the Liquidating Trust effective July 15, 2008.  Id. ¶ 22, at 24.  The plan also excluded the debtors from any further interest in the assets or the trust subsequent to the liquidation.  Id.; Notice Removal, Ex. 5, Notice Filing Second Am. Joint Ch. 11 Plan Liquidation Debtors & Official Comm. Unsecured Creditors Dated Apr. 23, 2008 ("Plan") 51, ECF No. 1-11.  Prior to July 15, 2008, New Century Mortgage was the record holder of the Mortgage.  Compl. ¶¶ 11-12.

### 3. Post-Bankruptcy Events

On August 7, 2008, Carrington, representing Deutsche Bank, sent a notice of default to the Rosses.  Compl. ¶ 25.  The Rosses deny receiving such notice.  Id.  On January 15, 2010, the Rosses and Carrington entered into a loan modification agreement.  Compl. ¶ 27.  The Rosses maintain that the loan modification was not designed to cure a default.  See id.  As required under the

4

loan modification agreement, the Rosses made monthly payments on the Mortgage.  Id. ¶ 28.  On December 1, 2010, Carrington sent the Rosses a second notice of intent to foreclose.  Id. ¶ 18.  On June 8, 2011, the Marinosci Law Group, P.C., acting for Deutsche Bank, sent the Rosses a third notice of default indicating an intent to foreclose.  Id. ¶ 29.  On the same day, Deutsche Bank petitioned the Massachusetts Land Court for a declaration that the Rosses were not entitled to the protections of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 533.  See id. ¶ 21.

On August 1, 2011, an assignment of mortgage dated May 24, 2011, was recorded in the Middlesex South District Registry of Deeds.  Id. ¶ 13.  Carrington, acting as attorney in fact for New Century Mortgage, executed the assignment, which transferred the Mortgage from New Century Mortgage to Deutsche Bank in its capacity as Trustee for New Century Home Loan Trust 2005-4.  Notice Removal, Ex. 7, Assignment Mortg. 52, ECF No. 1-12.

On February 17, 2012, Deutsche Bank notified the Rosses that the foreclosure sale of the subject property was scheduled for March 14, 2012.  Compl. ¶ 22.  On March 12, 2012, the Rosses obtained a preliminary injunction preventing Deutsche Bank from conducting the sale.  Prelim. Inj. 1.

    **C.**    **Federal Jurisdiction**

This Court may exercise federal-question jurisdiction pursuant to 28 U.S.C. section 1331 because the Rosses' claims arise under the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  Supplemental jurisdiction over the remaining claims is proper under 28 U.S.C. section 1367.

**II.   STANDARD OF REVIEW**

When presented with a motion to dismiss a claim under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), "a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  Northeast Erectors Ass'n of the BTEA v. Sec'y Labor, Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995).  If, however, the Rule 12(b)(1) motion is premised on a challenge to prudential standing, the motion is properly reviewed under Rule 12(b)(6).  See Katz v. Pershing, LLC, 806 F. Supp. 2d 452, 456 (D. Mass. 2011) (Stearns, J.), aff'd, 672 F.3d 64 (1st Cir. 2012).  Because the capacity of a Massachusetts mortgagor to challenge the validity of an assignment to which he is not a party presents a question of prudential standing, Culhane v. Aurora Loan Servs. of Neb., No. 12-1285, 2013 WL 563374, at *4-5 (1st Cir. Feb. 15, 2013), this Court will consider the present motion under Rule 12(b)(6).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that

6

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action. See id. at 555, 557.  In reviewing a motion to dismiss under Rule 12(b)(6), a district court may consider the complaint, annexed exhibits, documents referenced but not attached to the complaint, and matters subject to judicial notice, such as public records.  See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).  A court may not review, however, affidavits and miscellaneous documents submitted by the parties.  Id.

**III. ANALYSIS**

All three counts of the Rosses' complaint allege violations of the Massachusetts statutory foreclosure scheme.  Count I alleges that Deutsche Bank does not have valid title to either the Note or the Mortgage and thus lacks the legal authority to conduct a foreclosure sale of the subject property.  Count I also alleges that the second notice of foreclosure was deficient under the terms of the Mortgage.  Count II alleges that Deutsche Bank violated its obligation to notify the Rosses of their right to cure the default.  Count III seeks a declaratory judgment on

Deutsche Bank's legal standing to foreclose on the subject property.

**A.  Deutsche Bank's Standing to Exercise the Power of Sale (Count I)**

**1. Legal Framework**

A mortgage that includes a power of sale#--#as the Rosses' Mortgage does#--#incorporates by reference the statutory power of sale established under Massachusetts General Laws chapter 183, section 21 and Massachusetts General Laws chapter 244, section 14 ("Section 14").  U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646-47 (2011).  A mortgage holder may foreclose on a mortgage that includes a power of sale without prior judicial authorization.[1]  See Id. at 647.  The Massachusetts statutory scheme limits this privilege, however, to the mortgagee and those duly authorized.  Mass. Gen. Laws ch. 244, § 14.  In recognition of "the substantial power that the [law] affords to a mortgage holder to foreclose without immediate judicial oversight," courts have required strict compliance with the regulations governing who has legal standing to foreclose under the power of sale.

---

[1] Effective June 22, 2012, a mortgagee seeking to conduct a foreclosure sale in Massachusetts must hold both the note and the mortgage.  See Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 587-89 (2012); cf. Douglas J. Whaley, Mortgage Foreclosures, Promissory Notes, and the Uniform Commercial Code, 39 W. St. U. L. Rev. 313 (2012) (describing "the Golden Rule of Mortgage Foreclosure" under the Uniform Commercial Code as prohibiting foreclosure unless the creditor "possess[es] the "properly-negotiated original promissory note.")

Ibanez, 458 Mass. at 647.  Consequently, "[a]ny effort to foreclose by a party lacking 'jurisdiction and authority' to carry out a foreclosure under [Section 14] is void."  Id. at 647 (quoting Chace v. Morse, 189 Mass. 559, 561 (1905)).  A mortgage assignment executed by an assignor who has no interest to assign or "no authority to make an assignment to a particular assignee" is thus void and does not confer upon the assignee the legal status required to exercise the power of sale.  Culhane, 2013 WL 563374, at *5.

### 2. Standing

The Rosses contend that Deutsche Bank lacks legal standing to conduct the foreclosure sale because the 2011 assignment of the Mortgage from New Century Mortgage to Deutsche Bank is invalid.  See Compl. ¶ 17.  Deutsche Bank argues that the Rosses lack standing to contest the validity of the assignment.  Defs.' Mem. 4-7.

The First Circuit has recently held that mortgagors have standing "to challenge the assignment of a mortgage . . . to the extent that such a challenge is necessary to contest a foreclosing entity's status qua mortgagee."  Culhane, 2013 WL 563374, at *5.  This holding is narrow and limits such challenges to cases of "invalid, ineffective, or void" assignments.  Id. The Rosses' contention that New Century Mortgage held no interest in the Mortgage to assign to Deutsche Bank in 2011 qualifies as a

9

challenge that would render that assignment void.  See id.
Therefore, the Court concludes that the Rosses have standing and
will now turn to the merits of their claim.

### 3. Validity of the 2011 Assignment

The Rosses contend that the 2011 assignment transferring the Mortgage from New Century Mortgage to Deutsche Bank is void because New Century Mortgage had been divested of its assets as a result of its 2008 bankruptcy and held no interest in either the Note or Mortgage that it could validly assign to Deutsche Bank in 2011.  Compl. ¶¶ 10, 16-17.  Deutsche Bank asserts that, at the time of the 2011 assignment, New Century Mortgage was a debtor in possession with the authority and discretion to manage its property and to execute assignments of mortgage.  Defs.' Mem. 6-7, ECF No. 4.

While it is true that bankruptcy law ordinarily permits a mortgage lender with debtor in possession status to execute and record assignments in the normal course of its business, Juarez v. Select Portfolio Servicing, Inc., No. 11-2431, 2013 WL 500868, at *11 (1st Cir. Feb. 12, 2013), the presumption that such transfers are permitted is defeated when a bankruptcy court has confirmed a plan requiring the dissolution of the corporation, the termination of the company's operations, or the divestiture of its assets.  See Juarez v. U.S. Bank Nat. Ass'n ex rel. Holders of the Asset Backed Sec. Corp. Home Equity Loan Trust,

Series NC 2005-HE8, No. 11-10318-DJC, 2011 WL 5330465 at *7 (D. Mass. Nov. 4, 2011) (Casper J.), rev'd on other grounds sub nom. Juarez, 2013 WL 500868 (observing that the plaintiff did not allege any action—such as dissolution, cessation of operations, or divestiture—prohibiting the post-petition assignment of mortgage); New Century Mortg. Corp. v. Braxton, No. 09 MISC 393485(GHP), 2010 WL 59277, at *6 (Mass. Land Ct. Jan. 11, 2010) (noting that lender failed to show how it retained the authority to assign mortgage during its bankruptcy proceedings in light of the transfer of its assets to a liquidating trust).  As matter of bankruptcy law, a confirmed reorganization plan is binding on the debtor.  See 11 U.S.C. § 1141(a); In re New Seabury Co. Ltd. P'ship, 450 F.3d 24, 33 (1st Cir. 2006) ("A plan of reorganization is a binding contract between the debtor and the creditors and is subject to the general rules of contract construction and interpretation."). Pursuant to the Bankruptcy Court order confirming New Century Financial's reorganization plan, all of the assets of New Century Mortgage were conveyed to a separate entity, the New Century Liquidating Trust, effective July 15, 2008.  Confirmation Order ¶ 22, at 24.  The plan also precluded New Century Mortgage and the other petitioners from having any interest in the assets or the trust following the transfer.  Plan 51; Confirmation Order ¶ 22, at 24.  In a second and final amended plan also confirmed by the Bankruptcy Court in

2009, the debtors, including New Century Mortgage, confirmed that their assets were conveyed to the trust as provided for in the original plan on the effective date, July 15, 2008. Order Confirming Modified Second Am. Joint Ch. 11 Plan Liquidation Dated September 30, 2009, In re New Century TRS Holdings, Inc., No. 07-10416, at *24 (Bankr. D. Del. Nov. 20, 2009), ECF No. 9957. Thus, accepting as true the Rosses' claim that New Century Mortgage held the Note and the Mortgage during the pendency of its bankruptcy, the Rosses have a plausible claim that these assets became the property of the Liquidating Trust on July 15, 2008, and that New Century Mortgage retained no valid interest to assign to Deutsche Bank in 2011.

Deutsche Bank, however, maintains that the assignment was valid because the Note and the Mortgage were not included in the bankruptcy estate and thus not controlled by the property distribution provided for under the plan. Defs.' Supplemental Mem. 7. Specifically, Deutsche Bank claims that the Mortgage and the Note are securitized mortgage assets excluded under 11 U.S.C. section 541(d), which excludes from the bankruptcy estate mortgages "sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage[s]." 11 U.S.C. § 541(d); see Defs.' Supplemental Mem. 7-8. In reviewing this claim, the Court takes judicial notice of public Securities and Exchange Commission records submitted by

Deutsche Bank documenting the 2005 sale of mortgage and servicing rights assets from New Century Mortgage Securities to Deutsche Bank. See New Century Equity Loan Trust 2005-4, Current Report (Form 8-K), U.S. Sec. & Exch. Comm'n (Sept. 1, 2005), http://www.sec.gov/Archives/edgar/data/1336261/000088237705002419/0000882377-05-002419-index.htm. The mortgage asset sale agreement does not, however, list the Mortgage among the purchased assets. See id. The Court thus concludes that the Rosses have pleaded a plausible claim that the Mortgage and the Note were part of the bankruptcy estate conveyed to the Liquidating Trust under the confirmation plan.

Because the Court concludes that the Rosses have stated a plausible claim that the 2011 assignment from New Century Mortgage to Deutsche Bank was invalid, it need not address the Rosses' second claim under Count I, which alleges that Deutsche Bank's notice was deficient under the terms of the Mortgage.

**B. The Adequacy of Deutsche Bank's Notice under the Massachusetts Right-to-Cure Law (Count II)**

Under Massachusetts law, mortgagors are entitled to the right to cure a default on a mortgage loan. Mass. Gen. Laws ch. 244, § 35A(b). Pursuant to the statutory scheme, a mortgagor is entitled to either a 150-day or a 90-day grace period to cure a default of mortgage. Id. This right may only be exercised once in any three year period, id., and requires a mortgagee seeking to accelerate and foreclose on a mortgage in default to notify

13

the mortgagor of his right to cure, id. § 35A(g).  Because the notice requirement is part of the Massachusetts statutory scheme regulating foreclosure, mortgagees seeking to foreclose must comply strictly with the notice requirement.  See Silva v. Deutsche Bank Nat'l Trust Co., No. MICV201203951H, 2012 WL 6016813, at *3 (Mass. Super. Ct. Nov. 14, 2012) (Wilson, J.).

The Rosses contend that Deutsche Bank's June 8, 2011, notice was invalid because it failed to notify them of their right to cure.  Compl. ¶ 29.  Deutsche Bank presents two separate defenses of its foreclosure notice.  First, it erroneously contends that the Massachusetts law is preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 - 1468c, which reserves "the entire field of lending regulation for federal savings associations" to the federal statutory scheme.  12 C.F.R. § 560.2(a); see Defs.' Mem. 9.  In support of this contention, Deutsche Bank relies on Sovereign Bank v. Sturgis, 863 F. Supp. 2d 75 (D. Mass. 2012) (Woodlock, J.), which holds that Massachusetts General Laws chapter 24, Section 35A ("Section 35A") regulations imposing requirements on terms related to the maturity of loans are expressly preempted by federal law.  Id. at 103; see Defs.' Mem. 9.

Sovereign Bank, however, is inapposite.  In Sovereign Bank, the plaintiff was a federal savings association governed by HOLA. 863 F. Supp. 2d at 87, 91.  In the present case, HOLA preemption

is inapplicable because Deutsche Bank is a national bank[2] neither subject to HOLA nor regulated by the Office of Thrift Supervision, the agency responsible for determining whether state laws are preempted under HOLA.  See Gerber v. Wells Fargo Bank, N.A., No. 11-01083-PHX-NVW, 2012 WL 413997, at *4 (D. Ariz. Feb. 9, 2012) (Wake, J.).[3]

As a national bank, Deutsche Bank is entitled only to the applicable preemption laws promulgated under the National Banking Act ("NBA").  See Appling v. Wachovia Mortg., FSB, 745 F. Supp. 2d 961, 970-71 (N.D. Cal. 2010) (Koh, J.)  Pursuant to the NBA, the Office of the Comptroller of the Currency ("OCC") has the authority to determine whether "federal law preempts the application of any state consumer protection or fair lending statute to a national bank."  In re Hollingworth, 453 B.R. 32, 35 (Bankr. D. Mass. 2011).  Under federal law, national banks may "make, arrange, purchase or sell loans or extensions of credit

---

[2] The Court takes judicial notice that Deutsche Bank is a national bank and not a federal savings association.  See National Banks and Federal Savings Associations, Off. Comptroller Currency (Feb. 28, 2013), http://www.occ.treas.gov/topics/licensing/national-bank-lists/ind ex-active-bank-lists.html.

[3] While several federal courts in California have applied HOLA preemption to national banks, such cases are limited to those institutions that are successors to or assignees of loans originally extended by a federal savings association.  See, e.g., Rodriguez v. U.S. Bank Nat'l Ass'n, No. C 12-00989 WHA, 2012 WL 1996929, at *7 (N.D. Cal. June 4, 2012) (Alsup, J.).  In this case, neither the original lender, New Century Mortgage, nor Deutsche Bank are federal savings associations.

15

secured by liens on interests in real estate, subject to . . . such restrictions and requirements as the [OCC] may prescribe by regulation or order." 12 U.S.C. § 371(a). Specifically,

> a national bank may make real estate loans under 12 U.S.C. § 371 . . . without regard to state law limitations concerning . . . [t]he terms of credit, including schedule for repayment of principal and interest, amortization of loans, balance, payments due, minimum payments, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan.

12 C.F.R. § 34.4(a),(a)(4). Before determining whether the Massachusetts right-to-cure law should be preempted under 12 C.F.R. section 34.4(a)(4), this Court will first consider whether the assignee of the Mortgage, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-4, has made or purchased a real estate loan within the meaning of 12 U.S.C. section 371. Examined in light of the OCC's interpretive letter on preemption as applied to the trustees of securitized trusts, it has not. See OCC Interpretive Letter 1016 (Jan. 14, 2005), available at http://www.occ.gov/static/interpretations-and-precedents/feb05/int1016.pdf. Because the Deutsche Bank trustee neither originated the loan, funded the loan at inception, nor "purchase[d] the loan[s] as part of any real estate lending program comprehended by the regulation," id. at 3 (internal quotation marks omitted), the Massachusetts right-to-cure law is not preempted under the NBA.

Deutsche Bank argues that in the alternative, the Rosses have already exercised their right to cure under the 2010 loan modification agreement, and as a result, are not entitled to notice of a right that they no longer enjoy.  Defs.' Supplemental Mem. 14-15.

Despite Deutsche Bank's allegations, the Rosses do not admit that the loan modification was granted to cure a default.  See Compl. ¶ 27.  In light of the absence of the Rosses' pre-modification payment history from the record, whether the Rosses have already exercised their statutory right to cure implicates a factual dispute not amenable to resolution under the Rule 12(b)(6) standard.  Drawing all inferences in their favor, the Rosses' complaint states sufficient facts for a plausible claim under Section 35A.

**C. The Rosses' Standing to Pursue a Declaratory Judgment (Count III)**

In Count III of their complaint, the Rosses seek a declaratory judgment with respect to Deutsche Bank's right to conduct the foreclosure sale as mortgagee of record.  Compl. ¶ 39.  The Rosses also request a declaration as to whether Deutsche Bank's foreclosure notices complied with the Massachusetts statutory scheme.  Id.  Deutsche Bank contends that a declaratory judgment is inappropriate because the Rosses lack standing to request such a judgment.  Defs.' Mem. 9-10.

17

A district court may grant a declaratory judgment only "where there is an actual case or controversy within the meaning of Article III." Ferreira v. Dubois, 963 F. Supp. 1244, 1261 (D. Mass. 1996) (Bowler, M.J.) (quoting Interstate Food Processing Corp. v. Maine, 826 F. Supp. 24, 25 (D. Me. 1993) (Brody, J.) (internal quotation mark omitted). Such a judgment is "moot where 'the question presented for decision seeks a judgment upon a matter which, even if the sought judgment were granted, could not have any practical effect upon the parties.'" Id. at 1262(quoting Perez v. Sec'y of Health, Educ., & Welfare, 354 F. Supp. 1342, 1346 (D.P.R. 1972) (Toledo, J.). Because this Court has determined that the Rosses have standing to challenge the validity of Deutsche Bank's status as mortgagee, see supra section III.A.2, it concludes that the Rosses have presented a plausible claim of an actual controversy within the meaning of Article III.

**IV. CONCLUSION**

For the reasons stated above, the motion to dismiss, ECF No. 3, is DENIED on all counts.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE