UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALAN J. ROSS & RUTH ROSS,

PLAINTIFFS,

-v-

DEUTSCHE BANK NATIONAL TRUST COMPANY
AND DEUTSCHE BANK NATIONAL BANK
COMPANY, AS INDENTURE TRUSTEE FOR NEW
CENTURY HOME EQUITY LOAN TRUST 2005-4,

DEFENDANTS.

C.A. No.: 12-10586-WGY

PLAINTIFFS' RESPONSES TO DEFENDANTS STATEMENT OF MATERIAL FACTS
TO WHICH THERE IS NO DISPUTE
AND
PLAINTIFFS' STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO DISPUTE

Pursuant to Fed.R.Civ.P 56 and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs, Alan J. Ross and Ruth Ross, hereby submit this Response to Defendants' Statement of Material Facts and Plaintiffs' Statement of Material Facts to Which There is No Dispute.

RESPONSE TO DEFENDANTS STATEMENT OF FACTS

1.      On June 24, 2005. Plaintiffs were the record owners of real property and improvements located at 974 Dedham Street, Newton, Massachusetts (the "Property"). Complaint,1 3.

PLAINTIFFS' RESPONSE:  Undisputed.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

2.      Plaintiffs applied for and accepted a loan (the "Loan") from New Century

Mortgage Corporation ("New Century") in the original principal amount of Five Hundred

Thousand and 00/100 Dollars ($500,000.00) (the "Loan Amount"). See Affidavit of Betsy

Ostermann ("Ostermann Aff.") filed herewith and incorporated herein by reference, ¶ 4.


PLAINTIFFS' RESPONSE: OBJECTION:   Plaintiffs agree that the subject "Loan" was applied

for and that the transaction was completed on or about June 24, 2005.  The incorporation by

reference of the Ostermann's Affidavit is disputed as Ostermann is not competent to testify as to

many, if any, statements set forth in the affidavit and she has not distinguished which alleged

facts are based upon personal knowledge and which are based solely upon a records review.   As

such, the facts alleged in the affidavit are inadmissible under Fed.R.Civ.P 56(c)(4). This

objection is a continuing objection to alleged facts based upon the Ostermann affidavit.


3.      As evidence of the Loan, Plaintiffs executed an Adjustable Rate Note (the

"Note") payable to the order of New Century in the Loan Amount. Complaint at ¶ 4, Ostermann

Affidavit, 115.


PLAINTIFFS' RESPONSE: Undisputed.

4.      As security for the Note, Plaintiffs contemporaneously executed a mortgage on

the Property in the Loan Amount in favor of New Century (the "Mortgage"). Complaint at ¶ 4;

Exhibit 2; Ostermann Affidavit, ¶6. The Mortgage was duly recorded in the Middlesex South

District Registry of Deeds in Book 445503, at Page 411. Id.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

2

PLAINTIFFS' RESPONSE: Undisputed.


5.     In August, 2005, shortly after origination, the Note and Mortgage were sold as

part of a securitization transaction. See Ostermann Aff. 117. Specifically, the Note and Mortgage

were transferred to Deutsche Bank National Trust Company, as trustee for the New Century

Home Equity Loan Trust 2005-4 ("Deutsche Bank"), into which the Loan and others were

pooled and converted into mortgage-backed securities. The Mortgage was transferred along with

the Note pursuant to the Mortgage Loan Purchase Agreement, dated as of August 17, 2005 (the

"Purchase Agreement"); the Amended and Restated Trust Agreement, dated as of August 17,

2005 (the "Trust Agreement"); and the Indenture dated as of August 17, 2005 (the "Indenture").

See Ostermann Aff. ¶ 7. New Century retained the Servicing Rights in the Loan pursuant to the

Servicing Agreement dated as of August 17, 2005 ("Servicing Agreement"). New Century also

remained the mortgagee of record. The documents evidencing the securitization transaction (the

"Securitization") for the relevant pool (collectively, the "Securitization Documents") can be

found on the website of the U.S. Securities and Exchange Commission.' As part of the

securitization, New Century delivered an Assignment of the Mortgage in blank dated June 30,

2005 (the "2005 Assignment"), to be completed by Deutsche Bank prior to recording. See

Ostermann Aff. ¶¶7,8.


PLAINTIFFS' RESPONSE: OBJECTION & DISPUTED:  The recitation of alleged facts in

Ostermann's Affidavit is disputed as Ostermann is not competent to testify as to the alleged sale

of the Note and Mortgage.  Her statements regarding the sale of the Note and Mortgage as part of

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

3

a securitization are not set forth as being upon personal knowledge and are obviously based solely upon a records review. As such, the facts alleged in the affidavit are inadmissible under Fed.R.Civ.P 56(c)(4). Further, the facts alleged as to the claimed sale of the Note and Mortgage are substantively disputed. The documents submitted by the Defendants and for which online references were provided and which are collectively herein referred to as the Securitization Documents, do not indicate that the subject Note and Mortgage were included in the completed securitization. While Ostermann opines as to a sale, the documents themselves indicate a level of non-compliance that almost certainly results in the subject Note and Mortgage being excluded from the securitization pursuant to the mandatory procedural requisites in the documents. Specifically, the Terms of the Mortgage Loan Purchase Agreement (the "MLPA") unequivocally required that all Notes that were to be deposited into the trust were to be assigned by New Century Mortgage Corporation ("NCMC") to New Century Credit Corporation ("NCCC") as the Seller, and then to New Century Securities LLC ("NCSL") as the Purchaser and ultimately as the deposited into the Amended & Restated Trust Agreement by NCSL as Depositor [MLPA Section 2.1(a) and (c), Exhibit 1 hereto]. In this regard, the MLPA is an agreement to which the original payee/mortgagee, New Century Mortgage Corporation, is not a party. There are no documents[1] in the record that demonstrate that New Century Mortgage Corporation ever transferred, assigned or granted a power of attorney to anyone by which the subject Note and Mortgage (and perhaps many others) would be transferred from it to New Century Credit Corporation, the Seller under the MLPA, and ultimately to New Century Securities LLC as Purchaser. Rather than provide documents demonstrating the necessary contractual authority,

---

[1] Neither the documents submitted by the Defendants in connection with their Motion for Summary Judgment nor the Defendants Rule 26(a)(1) Disclosure includes the documents that are necessary to establish that the subject note and mortgage were transferred into the securitization.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

4

the Defendant attempts to bypass the substantive issue of transfer of title through the Affidavit of Chuck Houston which attempts to substitute an alleged "not uncommon" practice of "joint subsidiaries" to act on each other's behalf. The Houston affidavit is not made on personal knowledge, the same being made by the affiant allegedly being "familiar with the facts and history surrounding the pooling and securitization of mortgage loans by NCMC." [Houston Affidavit, ¶2] The facts alleged in the Houston affidavit are inadmissible based upon Rule 56(c)(4). Houston admits in ¶5 of his affidavit that there was no written agreement between NCMC and New Century Credit Corporation. [Houston Affidavit ¶4] He further states that "Pursuant to the Servicing Agreement NCMS deposited the loans listed in Exhibit A to the MLPA into the pool…" [Houston Affidavit ¶5]

6.      NCMC's custom and practice during the relevant time period was to securitize loans originated by it or by its correspondent lenders by utilizing various entities with which it was a joint subsidiary. In this case, NCMC had its joint subsidiary New Century Credit Corporation (`NCCC") securitize the pool of loans through another joint subsidiary New Century Mortgage Securities, LLC ("NCMS"). See Affidavit of Chuck Houston, filed herewith and incorporated herein by reference: ¶ 3.

PLAINTIFFS' RESPONSE: OBJECTION & DISPUTED: see Response to No. 5 above.

7.      It was not uncommon for loans so purchased to move from one joint subsidiary to another. In some cases a private agreement was drawn up, but in other cases no such agreement

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

was ever drafted. Upon information and belief, no written agreement was ever entered into between NCMC and NCCC with respect to the transfer of the Loan. Houston Affidavit, ¶ 4.

PLAINTIFFS' RESPONSE: OBJECTION & DISPUTED IN PART: see Response to No. 5 above.  Further responding, Plaintiffs do not dispute that there was no written agreement ever entered into between NCMC and NCCC with respect to the transfer of the Loan.

8.       Attached as Exhibit A to the Purchase Agreement is the list of loans included in the Securitization (the "Loan List"). The Loan List was filed with the SEC manually. The Loan is set forth on Line 33 of Page 36 of the Loan List. Ostermann Affidavit, ¶ 9; Houston Affidavit, ¶ 5.

PLAINTIFFS' RESPONSE: OBJECTION & DISPUTED: see Response to No. 5 above.  Further responding, while it appears that the scanned list of mortgages [Ostermann Affidavit, Exh, D-1-1] included a reference to the subject Loan, it is unclear and unlikely that the subject Loan was in fact transferred. The list was required to have been certified pursuant to Section 2.03(a)(3rd and 4th¶¶) of the Indenture.  [Exhibit 2 hereto]   The public filing of Exhibit "A" served the salutary purpose of providing information required under the applicable securities laws, but is not a substitute for contractual methods of inclusion of specific loans nor a substitute for agency action.

9.       Section 2.1 of the Purchase Agreement required the Seller, NCCC, to "deliver" on behalf of the Purchaser, NCMS, to the Indenture Trustee, Deutsche Bank; the note, original mortgage, assignment of mortgage and the original lender's title insurance policy. Pursuant to the terms of

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

6

the Purchase Agreement this delivery was accomplished by providing the note and mortgage with endorsements to the Indenture Trustee. The common practice was to endorse the promissory note and execute an assignment in blank of the mortgage always resulting with the documents being delivered to the Indenture Trustee. In this case, NCMC endorsed the promissory note in blank and executed the assignment of mortgage in blank. These documents were then delivered to Deutsche Bank. Even though it was not uncommon for the assignments of mortgage not to be recorded at the time of the sale, delivery of these instruments to the Indenture Trustee was intended to consummate the sale of the referenced loans and the documents evidencing and/or security such loans, such as the promissory notes and mortgages. Houston Affidavit, ¶ 6.

PLAINTIFFS' RESPONSE: OBJECTION & DISPUTED: see Response to No. 5 above. Further responding, the purported endorsement in blank of the Note is undated and there have been no records produced and authenticated to indicate when the endorsement was stamped on the Note. The recorded assignment of mortgage is dated May 24, 2011 and recites that it includes the Note.

10.     In April of 2007, New Century filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware (Case No. 07-10416-KJC). Ostermann Affidavit, ¶ 10.

PLAINTIFFS' RESPONSE: Undisputed

11.     At the time of New Century's bankruptcy filing in April of 2007, New Century

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

7

no longer held the Note or Mortgage, but had retained the servicing rights and was the mortgagee of record. Ostermann Affidavit, ¶1 1.

PLAINTIFFS' RESPONSE: Disputed.  This is not a statement of fact.  It is a conclusion that is not supported by the facts.  New Century Mortgage Corporation was the holder of record and in fact of the Note and Mortgage at the time of the bankruptcy filing.  As set forth above, the documents do not reflect a transfer of the Note and Mortgage and the only basis for the claim that the same were transferred to the securitization is speculation based upon what affiants claim to know based upon their understanding of alleged practices that were at variance with the requirements of unambiguous contractual provisions.

12.     In May of 2007, Carrington Mortgage Services, LLC ("Carrington") purchased New Century's servicing business (the "Servicing Rights") with approval from the Bankruptcy Court. Ostermann Affidavit, ¶ 12; Houston Affidavit, ¶ 7.

PLAINTIFFS' RESPONSE: Undisputed

13.     On July 1, 2007, Carrington became Deutsche Bank's servicing agent for the mortgage loans in the New Century Home Equity Loan Trust 2005-4 pursuant to an Asset Purchase Agreement dated as of May 21, 2007 (the "Sale Agreement"), and pursuant to an Order of the Bankruptcy Court Approving (i) the Sale of Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC... and (ii) the Assumption

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

8

and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington as part of such Sale (the "Sale Order"). See Ostermann Aff. ¶ 13.

PLAINTIFFS' RESPONSE: Undisputed

14.     On June 18, 2007, New Century granted Carrington Mortgage Services, LLC a Power of Attorney (the "POA") which explicitly authorizes Carrington to assign mortgages. Complaint, ¶ 15; Exhibit 8; Ostermann Affidavit, ¶ 14.

PLAINTIFFS' RESPONSE: Disputed to the extent that the power of attorney is by its own terms is a limited power of attorney.

15.     On April 23, 2008, the Bankruptcy Court entered an Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation (the "Liquidation Order"). Complaint, ¶ 7; Exhibit 5; Ostermann Affidavit, ¶ 15.

PLAINTIFFS' RESPONSE: Undisputed

16.     Plaintiffs first defaulted in their repayment obligations under the Loan in December, 2006, when Plaintiffs failed to make the required principal and interest payments due under the Note, due to an alleged reduction in Plaintiffs' income. Ostermann Affidavit, ¶ 16.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

9

PLAINTIFFS' RESPONSE: Disputed in part. The Plaintiffs do not dispute that they failed to make payments when due at various times, but do not have records as to the dates on which specific payments were made. Plaintiffs dispute that they were in default as the mortgagee has never given proper notice of default as required by the note and mortgage, the only purported notice of default having allegedly been sent sometime on or after December 1, 2010 [Exhibit 3 hereto] and no proper notice under the mortgage or under M.G.L. Chapter 244 Section 35A having ever been given. [Verified Complaint, Exh. 9; and ¶¶18-20]

17.    The December, 2006 payment was made in January, 2007. Ostermann Affidavit, ¶ 17.

PLAINTIFFS' RESPONSE:  Disputed on the basis that Plaintiffs do not have records or payment dates and therefore cannot verify the same, but all late payments were accepted by the mortgagee and any and all failures to have made timely payments were waived by virtue of the two loan modification agreements.  [Exhibits K and N to Ostermann affidavit]

18.    Plaintiffs then missed the April, 2007 Note payment, eventually remitting the required amount on or about May 16, 2007. Ostermann Affidavit, ¶ 18.

PLAINTIFFS' RESPONSE:  Undisputed, except that Plaintiffs do not have records or payment dates and therefore cannot verify the same.

19. Plaintiffs made the June, 2007 Note payment on or about July 26, 2007.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

Ostermann Affidavit, ¶ 19.

PLAINTIFFS' RESPONSE:  Undisputed, except that Plaintiffs do not have records or payment dates and therefore cannot verify the same

20.     Plaintiffs failed to make the July, 2007, August, 2007, September, 2007 and October, 2007 Note payments until October 23, 2007. Ostermann Affidavit, ¶ 20.

PLAINTIFFS' RESPONSE:  Undisputed, except that Plaintiffs do not have records or payment dates and therefore cannot verify the same

21.     By the end of 2007, the Plaintiffs failed to timely pay the December, 2007 Note payment, which was ultimately paid on or about January 31, 2008. Ostermann Affidavit, ¶ 21.

PLAINTIFFS' RESPONSE:  Undisputed, except that Plaintiffs do not have records or payment dates and therefore cannot verify the same

22.     Plaintiffs remained in default under the Loan terms in 2008, making sporadic Note payments, at some times several months in arrears. Ostermann Affidavit, 1122.

PLAINTIFFS' RESPONSE:  Disputed on the basis that all late payments were accepted by the mortgagee and any and all failures to have made timely payments were waived by virtue of the two loan modification agreements.  [Exhibits K and N to Ostermann affidavit]

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

23.     On or about July 13, 2008, Plaintiffs sent correspondence to Carrington (the "2008 Letter") seeking to cure their default and requesting a loan modification based upon financial hardship resulting from a delayed business transaction. Ostermann Affidavit, ¶

PLAINTIFFS' RESPONSE:  Disputed on the basis that all late payments were accepted by the mortgagee and any and all failures to have made timely payments were waived by virtue of the two loan modification agreements.  [Exhibits K and N to Ostermann affidavit]

24.     On August 7, 2008, Carrington, on behalf of Deutsche Bank, the holder of the Note and Mortgage, sent a Default/Right to Cure Notice to the borrowers pursuant to M.G.L. ch. 244, § 35A. Ostermann Affidavit, ¶ 24.

PLAINTIFFS' RESPONSE:  Disputed.  The Plaintiffs never received the document dated 08/07/08 and the Defendants have not provided any evidence that the same was actually sent and if sent when the same was sent.  The first time either plaintiff saw the August 7, 2008 documents was in February 27, 2012 when Alan Ross copied the documents filed in the Land Court in connection with the Defendants' Servicemembers' Civil Relief Act proceeding.  [Affidavit of Alan Ross, ¶¶7,8 – Exhibit 4 hereto; and Ruth Ross, ¶¶ 7,8 – Exhibit 5 hereto].  The Ostermann affidavit merely recites that a notice was sent on August 7, 2008 but fails to identify any record with respect to a proof of mailing.  Further, the 08/07/08 document does not comply with M.G.L. Chapter 244, Section 35A as in effect in August 2008 as it did not include all the mandatory information required under Chapter 244, Section 35A(c).  Ostermann does not indicate that she

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

has personal knowledge of the date of mailing or any basis for the bare allegation of mailing. [Verified Complaint ¶25, Exh. 12; Ostermann Affidavit, ¶24.

25.     Carrington and Plaintiffs entered into a Loan Modification Agreement dated September 9, 2008 (the "2008 Loan Modification") in which Carrington, inter alia:

(a)     Delayed by ninety (90) days the July 1, 2008 Note payment, making the new due date October 1, 2008;

(b)     Reduced the interest rate from 6.7% per annum adjustable to 6.45% per annum fixed; and

(c)     Capitalized past due interest and escrow payments totaling $12,672.03.

Ostermann Affidavit, ¶ 25.

PLAINTIFFS' RESPONSE:  Undisputed as to the partial content of the 2008 Loan Modification. Disputed to the extent that the Loan Modification Agreement also provided that "II. A. … Upon modification, your Note will become contractually current…"

26.     Section I1. (D) of the 2008 Loan Modification contains the following representation by Plaintiffs:  ...You [Plaintiffs] agree that this payment is affordable in light of your financial circumstances notwithstanding any independent determination of affordability by [Carrington], and you hereby waive any claim that the payment was unaffordable at the time this Agreement was entered into. Ostermann Affidavit, 1126.

PLAINTIFFS' RESPONSE:  Undisputed

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

13

27.    Plaintiffs made payments under the 2008 Loan Modification during the remainder of 2008 and the first half of 2009; but then defaulted again, failing to make the July 1, 2009 payment until September 21, 2009. Ostermann Affidavit, ¶ 27.

PLAINTIFFS' RESPONSE:  Disputed in part.  Plaintiffs do not dispute that at some time in 2009 they failed to make required payments, but the mortgagee did not issue a notice of default and they are not in default until proper notice of same is given under the Note, Mortgage and statutes. Further, the subsequent Loan Modification Agreement of January 22, 2010 cured any default. [Ostermann Affidavit Exhibit N §II.A.]

28.    Plaintiffs remained in default for the remainder of 2009, making no further Loan payments other than a partial payment on December 1, 2009 in the amount of $2,615.00. Ostermann Affidavit, 1128.

PLAINTIFFS' RESPONSE:  Disputed in part.  Plaintiffs do not dispute that at some time in 2009 they failed to make required payments, but the mortgagee did not issue a notice of default and they are not in default until proper notice of same is given under the Note, Mortgage and statutes. Further, the subsequent Loan Modification Agreement of January 22, 2010 cured any default. [Ostermann Affidavit Exhibit N §II.A.]

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

14

29.     On or about October 22, 2009, approximately thirteen (13) months after the 2008 Loan Modification, Plaintiffs requested a second modification of the Loan based upon financial hardship. Ostermann Affidavit, ¶29.

PLAINTIFFS' RESPONSE:   Undisputed

30.     Carrington again accommodated the Plaintiffs' requests, entering into a Loan Modification Agreement dated January 22, 2010 (the "2010 Loan Modification"), in which Carrington, inter cilia:

(a)     Rescheduled the August 1, 2009 payment for February 1, 2010;

(b)     Reduced the Plaintiffs' monthly Note payment by $753.23, partly by employing a new amortization schedule of forty (40) years;

(c)     Reduced the Note's interest rate from 6.45% to 4.875%.

(d)     Capitalized past due interest and escrow payments and fees totaling $19,464.51. Ostermann Affidavit, ¶30.

PLAINTIFFS' RESPONSE:  Disputed to the extent that the Loan Modification Agreement also provided that "II. A. … Upon modification, your Note will become contractually current…"

31.     The 2010 Loan Modification contained the same representation of Plaintiffs as in the 2008 Loan Modification regarding the affordability of the new payments. Ostermann Affidavit, ¶ 31.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

PLAINTIFFS' RESPONSE:  Undisputed


32.     The first payment under the 2010 Loan Modification was made with funds held

by Carrington in suspense at the time of the 2010 Loan Modification. Plaintiffs made three (3)

additional payments pursuant to the terms of the 2010 Loan Modification, with the last payment

being made on or about May 28, 2010. Ostermann Affidavit, ¶ 32.


PLAINTIFFS' RESPONSE:  Undisputed


33.     Plaintiffs remain in default under the terms of the Loan, having made no further

Loan payments since May 28, 2010. See 2010 Payment History. Ostermann Affidavit, ¶ 33.


PLAINTIFFS' RESPONSE:  Undisputed as to failure to make payments since May 28, 2010.

Disputed as to characterization of being in default as no proper notice of default has ever been

given by the mortgagee or anyone purporting to be the mortgagee or acting on its behalf.


34.     Plaintiffs have not paid any amount to Carrington for use and occupancy of the

Property during the three (3) years since ceasing to make Loan payments. Ostermann Affidavit,

¶34.


PLAINTIFFS' RESPONSE:  Undisputed


35.     Plaintiffs have not made any payments into the Court Registry or into a separate

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

escrow account pending resolution of this litigation. Ostermann Affidavit, ¶ 35

PLAINTIFFS' RESPONSE:  Undisputed, but not relevant to the issues *sub judice*.

36.     Plaintiffs have allowed the Property to be encumbered by federal and state tax liens exceeding $ 43,000.00. Ostermann Affidavit, ¶ 36.

PLAINTIFFS' RESPONSE:  Undisputed, but not relevant to the issues *sub judice*.

37.     On or about December 1, 2010, a Notice of Intent to Foreclose was sent by Carrington, pursuant to M.G.L. Ch. 244, §14. Ostermann Affidavit, ¶ 37.

PLAINTIFFS' RESPONSE:  Undisputed as to sending a notice dated December 1, 2010. Disputed as to the same being sent pursuant to G.L. Chapter 244 Section 14.  The notice is an attempt at a Notice of Default but the same fails to comply with the terms of ¶22 of the mortgage [Exhibit 6 hereto] and is otherwise deficient as set forth in the Verified Complaint at ¶¶18-20.

38.     On May 24, 2011, Carrington, as Attorney-in-Fact for New Century Mortgage Corporation, assigned the Mortgage to Deutsche Bank, which assignment (the "Assignment") was duly recorded in the Middlesex County District Registry of Deeds on June 1, 2011 in Book 56937 at Page 387. Ostermann Affidavit, 1138.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

PLAINTIFFS' RESPONSE:  Disputed.  On May 24, 2011 and on the recording date of June 1, 2011, Carrington Mortgage Services LLC was not authorized to execute the subject assignment of mortgage on behalf of New Century Mortgage Corporation as New Century Mortgage Corporation no longer owned the note and mortgage.

39.     On June 8, 2011, a Notice of Intent to Foreclose was sent to the Plaintiffs from Marinosci Law Group, P.C., on behalf of Deutsche Bank. Ostermann Affidavit, ¶ 39.

PLAINTIFFS' RESPONSE:  Disputed.  The June 8, 2011 letter [Exhibit 7 hereto] is not a Notice of Intent to Foreclose.  It appears to be an attempt at a notice of default, but is insufficient due to the failure to comply with the provisions of the mortgage ¶22 and the failure to comply with M.G.L. Chapter 244 Section 35A.

40.     On June 8, 2011, Deutsche Bank National Trust Company filed a Complaint under the Servicemembers' Civil Relief Act and obtained a Judgment on December 13, 2011. Ostermann Affidavit, ¶ 40.

PLAINTIFFS' RESPONSE:  Undisputed

41.     On February 17, 2012, a Notice of Intent to Foreclose was sent to the Plaintiffs from Marinosci Law Group, P.C., on behalf of Deutsche Bank. Ostermann Affidavit, ¶ 41.

PLAINTIFFS' RESPONSE:  Undisputed.

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

18

## PLAINTIFFS STATEMENT OF MATERIAL FACTS

Pursuant to Fed.R.Civ.P 56 and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs, Alan J. Ross and Ruth Ross, hereby submit this Statement of Material Facts.

1.      Prior to August 7, 2008, the mortgagee/holder of the subject Note and Mortgage had not given or served on the mortgagors any notice of default with respect to either the Note or Mortgage. [Alan Ross Affidavit ¶¶7-10, Exhibit 4 hereto; Ruth Ross Affidavit ¶¶7-10, Exhibit 5 hereto]

2.      There is no record of or admissible evidence as to when the notice dated 08/07/08 [Exhibit 8 hereto] was mailed or served on the named recipients or either of them.

3.      There is no record of or admissible evidence indicating that the notice dated 08/07/08 [Exhibit 8 hereto] was ever mailed or served on the named recipients or either of them.

4.      Other than the notice dated 08/07/08 [Exhibit 8 hereto], the mortgagee/holder/servicer has not given any notification to the mortgagors pursuant to M.G.L. Chapter 244 Section 35A.

5.      Neither of the Plaintiffs ever received the notice dated 08/07/08 [Verified Complaint ¶25; Exhibit 8 hereto; Alan Ross Affidavit ¶¶7-10, Exhibit 4 hereto; Ruth Ross Affidavit ¶¶7-10, Exhibit 5 hereto]

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

19

6. The notice dated 08/07/08 [Exhibit 8 hereto] states that "Carrington Mortgage Services LLC represent Deutsche Bank the holder of the mortgage and note relating to your loan above referenced.

7. On August 7, 2008, New Century Mortgage Corporation was the holder of record of the mortgage referenced in the notice dated 08/07/08 [Exhibit 8 hereto].

8. The notice dated 08/07/08 [Exhibit 8 hereto] fails to inform the recipient of the name of the mortgagee or holder.

9. On or about August 1, 2011, a document dated May 24, 2011 entitled "Assignment of Mortgage Massachusetts" was recorded in the Middlesex South District Registry of Deeds at Book 56937, Page 387. [Exhibit Q to Ostermann Affidavit; Defendants' Answer; Exhibit 7 to the Verified Complaint]

10. The purported assignment of mortgage recorded in the Middlesex South District Registry of Deeds at Book 56937, Page 387 recites that the subject mortgage was assigned to "Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-4."

11. As of the execution of the January 22, 2010 Loan Modification Agreement [Exhibit N to Ostermann Affidavit], the subject loan was deemed to be contractually current. [[Exhibit N to Ostermann Affidavit §II.A]

12. By notice entitled "Notice of Intent to Foreclose" dated December 1, 2010, Carrington Mortgage Services, LLC notified Ruth Ross of a default for failure to make required payments under the subject note and that failure to cure the delinquency within thirty days "may result in acceleration of the sums secured by the Deed of Trust or Mortgage and in the sale of the property." [Exhibit 3 hereto]

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

20

13. By notice dated June 8, 2011, Marinosci Law Group, P.C., notified the plaintiffs of a default under the subject note and mortgage on behalf of Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-4. [Exhibit 7 hereto]

14. By notice dated February 17, 2012, Marinosci Law Group, P.C., notified the plaintiff, Alan J. Ross, of a scheduled foreclosure sale and liability for deficiency pursuant to M.G.L. Chapter 244 Sections 14 and 17. [Exhibit 9 herein]

15. Other than the notices referenced in ¶¶12, 13 and 14, neither the mortgagee, the mortgage assignee, the holder of the note, the holder of the mortgage, nor any of their respective servicers, agents, servants or employees have caused any other Notice of Default or Notice of Intent to Foreclose to be given to or served upon the plaintiffs in connection with the alleged default(s) upon which Defendant(s) claim a present right to foreclose the subject the mortgagors equity of redemption under the subject mortgage.

16. The subject mortgage provides in ¶22:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

21

permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

[Exhibit 6 hereto]

Dated: June 24, 2013

PLAINTIFFS,
By their Attorney:

*/s/ Carl D. Goodman*
CARL D. GOODMAN
Goodman Law Offices
154 Lynnway, Suite 1C
Lynn, MA 01902
Tel: (781) 584-6566
Fax: (339) 440-5962
BBO# 201720
*carl@attorneygoodman.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June 2013, that I have caused the within Plaintiffs' Response to Defendants' Statement of Material Facts and Plaintiffs' Statement of Material Facts to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ Carl D. Goodman*

Law Office of
Carl D. Goodman
154 Lynnway
Lynn, MA
01902
781-584-6566

22